UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAILENDRA CHALASANI,

                    Plaintiff,

v.

CONSUMERS ENERGY,

                    Defendant.

_____/

Case No. 25-11981

F. Kay Behm
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON DEFENDANT'S
RENEWED MOTION TO DISMISS (ECF No. 7)**

On July 1, 2025, this case was transferred to this District from U.S. District Court for the Eastern District of Texas, Southern Division.  (ECF Nos. 1, 3–4).  Plaintiff Shailendra Chalasani filed his initial *pro se* complaint on December 23, 2024, against his former employer, Defendant Consumers Energy, under the Americans with Disabilities Act 42 U.S.C. § 12112–12117 ("ADA")*.*  (ECF No. 1).  On June 2, 2025, just days before the June 6, 2025, Transfer Order was issued, Plaintiff filed a First Amended Complaint, which the undersigned struck in an Order filed concurrently with this Report and Recommendation.  (ECF Nos. 2, 16).  On July 23, 2025, Defendant filed its *Renewed Motion to Dismiss Plaintiff's*

*Complaint in Lieu of Answer* (ECF No. 7).  The motion is fully briefed and ripe for report and recommendation.  (ECF Nos. 7–8, 10, 13[1]).

This matter was referred to the undersigned for all pretrial matters.  (ECF No. 9).

## I.    BACKGROUND

Plaintiff was employed by Defendant from May 2015 to September 2021 as a Strategic Planner.  (ECF No. 1-4, PageID.14).  Plaintiff alleges that Defendant provided a negative employment reference letter related to his disability that misrepresented his professional performance and "also appear[ed] to be biased due to [his] disability."  (ECF No. 1, PageID.3).  Specifically, the reference letter mentioned Plaintiff's "mental health issues" and noted that he was often on medical leave and unable to perform his duties.  (*Id.*).  The reference letter also noted that Plaintiff filed for and received medical leave for 6–8 months and collected full pay while on leave.  (*Id.*).  Plaintiff asserted that these statements were unjustified and directly related to his disability rather than his actual job performance or qualifications.  (*Id.*).  Plaintiff seeks to restore eligibility to be employed by Defendant and for Defendant to take corrective action regarding references provided to Plaintiff's other potential employers.  (*Id.* at PageID.4).  On

---

[1] On August 5, 2025, Plaintiff sought leave to file a sur-reply, which the Court granted. (ECF Nos. 11–12).

the civil cover sheet, Plaintiff selected Americans with Disabilities Act 42 U.S.C. § 12112–12117 ("ADA") as the basis for jurisdiction.  (ECF No. 1-1 at PageID.5).

## II.    LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'"

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal citations omitted). To state a prima facie claim under the ADA, Plaintiff must show that "(1) [he] has a disability; (2) [he] is otherwise qualified; and (3) [he] was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of [his] disability." *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

That said, the Court can also consider documents attached to Plaintiff's Complaint. *See Nolan v. Detroit Edison Co.*, 991 F.3d 697, 707 (6th Cir. 2021) (citing *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017)); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "When a document contradicts allegations in the complaint, rendering them implausible, the exhibit trumps the allegations." *Nolan*, 991 F.3d at 707 (internal quotation omitted); *see also Creelgroup, Inc. v. NGS Am., Inc.*, 518 F. App'x 343, 347 (6th Cir. 2013). But if the document supports "both parties' version of events," then the facts are viewed in the light most favorable to plaintiff. *Nolan*, 991 F.3d at 708–09; *see also Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008).

A Rule 12(b)(6) motion to dismiss can also be predicated "on an affirmative defense if the complaint's allegations (or any other documents [the Court] may consider at this stage) show as a matter of law that the defense applies." *See VCST Int'l B.V. v. BorgWarner Noblesville, LLC*, 142 F.4th 393, 400 (6th Cir. 2025) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *see also Bushong v. Delaware City Sch. Dist.*, 851 F. App'x 541, 545 (6th Cir. 2021) ("Because the failure to exhaust is an affirmative defense, dismissal under Rule 12(b)(6) or 12(c) is appropriate only if the face of the complaint shows that the plaintiff has not exhausted her administrative remedies."); *Est. of Barney v. PNC Bank, Nat. Ass'n*,

714 F.3d 920, 926 (6th Cir. 2013) (citing *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009)); *Anderson v. Jutzy*, 175 F. Supp. 3d 781, 786–87 (E.D. Mich. 2016); 5B Wright & Miller's Federal Practice & Procedure § 1357 (4th ed. Sept. 2025 Update) ("[T]he complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy.").  Since Defendant bears the burden to establish the affirmative defense, the "complaint need not plead factual allegations to plausibly avoid an affirmative defense."  *VCST Int'l B.V.*, 142 F.4th at 399 (citations omitted).

## III.   ANALYSIS

On July 23, 2025, Defendant filed the instant renewed motion to dismiss, which relies on Plaintiff's original complaint and not the now stricken amended complaint.  (ECF No. 7).  Defendant seeks dismissal of Plaintiff's complaint because Plaintiff's September 7, 2024, Charge of Discrimination ("Charge") filed with the Equal Employment Opportunity Commission ("EEOC") was untimely, and because the complaint fails to state a claim upon which relief may be granted.[2] (*Id.*).  Defendant states that Plaintiff voluntarily left his employment during

---

[2] Although Defendant also seeks to dismiss Plaintiff's claim on the merits, the Court does not address the merits at this time as there may be no need to address the merits if Plaintiff failed to exhaust.  Since the Court is granting Plaintiff's request for leave to amend to clarify the equitable tolling issue, the outcome on that issue may ultimately render a merits analysis moot.

September 2021, and this case arises out of an alleged negative employment reference received after he was no longer employed with Defendant.  (*Id.* at PageID.16).  Defendant asserts that years after he resigned Plaintiff hired a third party to seek an employment reference on himself and the allegations in the complaint are based on the contents of the reference letter received in response to that request.  (*Id.*).  Defendant indicates that the reference letter at issue was provided on September 12, 2023, and is the most recent alleged incident of discriminatory conduct cited by Plaintiff.  (*Id.* at PageID.19).  Plaintiff did not file his Charge with the EEOC until September 7, 2024, well after his deadline to do so, which was July 8, 2024.  (*Id.*).  In short, Defendant argues that Plaintiff failed to timely exhaust his administrative remedies before bringing this action in federal court.

In response, Plaintiff asserts that he timely filed his charge with the EEOC and received his right to sue letter.  (ECF No. 8, PageID.27).  He argues that Defendant's timeliness position "ignores equitable tolling, constructive filing through other government agencies, and the EEOC's issuance of a Right to Sue letter."  (*Id.*).  Plaintiff's response on the equitable tolling issue primarily relies upon the allegations pleaded in his First Amended Complaint, which was stricken by the Court.  Plaintiff also states that, in the alternative, if the Court finds his

pleading has deficiencies, he seeks leave to amend his complaint pursuant to Rule 15(a)(2) as this case is still in its early stages.[3]  (*Id.* at PageID.28).

Defendant filed a reply brief asserting that Plaintiff has "failed to offer sufficient justification warranting the application of equitable tolling."  (ECF No. 10, PageID.43–46).  In his sur-reply, Plaintiff asserts that that he promptly retained counsel, and that any delay was caused because he was engaging in informal resolution with Defendant and relied upon his counsel, which he believes is sufficient to support that he acted diligently.[4]  (ECF No. 13, PageID.55–56).

A plaintiff must satisfy two prerequisites prior to filing a Title VII action in federal court: "(1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue ('right-to-sue letter')."  *Granderson v. Univ. of Michigan*, 211 F. App'x 398, 400

---

[3] Local Rule 7.1(i) states that "[m]otions must not be combined with any other stand-alone document."  But in this context, this Court has found new claims raised in a response brief may be treated as an implicit motion for leave to amend the complaint.  *See Cruz v. Capital One, N.A.*, 192 F. Supp. 3d 832, 839 (E.D. Mich. 2016) (quoting *JAT, Inc. v. Nat'l City Bank of Midwest*, 460 F. Supp. 2d 812, 818 (E.D. Mich. 2006)) ("The Sixth Circuit, in the context of summary judgment, has 'treated legal theories first raised in the plaintiff's response . . . as an implicit motion to amend the complaint when all of the relevant facts had been previously pled.'") (internal quotation omitted).  Both the *Cruz* and *JAT* Courts transposed this "implicit motion to amend" language to motions to dismiss.  *See Cruz*, 192 F. Supp. 3d at 839; *JAT, Inc.*, 460 F. Supp. 2d at 818; *see also Randolph v. Cong. Collection LLC*, No. 20-12146, 2021 WL 364256, at *1 (E.D. Mich. Feb. 3, 2021).  Considering Plaintiff is *pro se*, that the Court stuck his amended complaint for being improperly filed, and in the interest of time, the Court construes Plaintiff's legal theory of equitable tolling that was raised for the first time in his response brief as an implicit motion to amend, particularly considering his explicit request.

[4] To be clear, Plaintiff obtained the assistance of counsel up to the filing of his EEOC Charge, as previously stated Plaintiff filed this action *pro se* and no attorney has filed a notice of appearance on behalf of Plaintiff here.

(6th Cir. 2006) (citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989) (citations omitted)). "A Title VII plaintiff must file a charge with the EEOC within 180 days after the occurrence of the alleged discriminatory employment practice or within 300 days, if the claimant has 'initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice.'" *Id.* at 401 (quoting 42 U.S.C. § 2000e–5(e)(1)); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) ("[A] claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination."). "Under Title VII and thus under the ADA, a plaintiff must commence his civil action within ninety days of receiving a right-to-sue letter from the EEOC." *Clark v. Nissan Motor Mfg. Corp. U.S.A.*, No. 97-5956, 1998 WL 786892, at *3 (6th Cir. Oct. 26, 1998); *McGhee v. Disney Store*, 53 F. App'x 751, 752 (6th Cir. 2002). "An employee may not file a suit under the ADA if he or she does not possess a right-to-sue letter from the EEOC because he or she has not exhausted his or her remedies." *Parry*, 236 F.3d at 309. "[T]he failure to obtain a right-to-sue letter is not a jurisdictional defect; rather the right-to-sue letter is a condition precedent." *Id.* (citations omitted).

Further, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a

9

statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392 (1982). In *Truitt v. County of Wayne*, the Sixth Circuit "identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations," which has been applied in the context of the equitable tolling analysis related to the filing of an EEOC Charge. 148 F.3d 644 (6th Cir. 1998); *Covert v. Cellco P'ship*, 563 F. Supp. 3d 767, 771 (M.D. Tenn. 2021). The factors set forth in *Truitt* include "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement." *Id.*; s*ee also Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003); *Covert*, 563 F. Supp. 3d at 771.

Plaintiff first raised equitable tolling in his first amended complaint, which he then refers to in his response to Defendant's motion to dismiss without further discussion because he was under the belief that it was the operative complaint. Since the undersigned struck the amended complaint in the Order filed concurrently with this Report and Recommendation, Plaintiff's sur-reply is the only document of record that contains a position related to equitable tolling. He stated that he acted diligently by promptly seeking assistance from legal counsel and participating in informal resolution attempts with Defendant. Plaintiff further

claims that his delay in filing the charge was due to "good faith efforts amid obstacles" caused by Defendant and his reliance on a misrepresentation made by counsel.

While Plaintiff generally asserts facts which may promote some or all of the factors necessary to support equitable tolling, unfortunately, there is not sufficient information in the record to provide a recommendation on whether Plaintiff is entitled to equitable tolling or not. For example, while Plaintiff indicates that he and his counsel participated in informal resolution attempts with Defendant, he does not provide the dates that these attempts took place and ended, or facts supporting his claim that Defendant caused delay during these negotiations. He also claims he relied upon misrepresentation by counsel but does not indicate what the representation was that he relied upon thereby leading to his untimely charge. Plaintiff also believes that he was entitled to file his Charge within the extended 300 days of the discriminatory conduct, rather than the standard 180 days, but did not indicate when or with whom he timely "institute[d] proceedings with a State or local agency authority to grant or seek relief from such practice" to warrant the extended deadline under 42 U.S.C. § 2000e–5(e)(1).

Considering Plaintiff's *pro se* status and his request to be afforded leave to amend his complaint in response to the motion to dismiss, the Court is inclined to grant Plaintiff leave to file a proper first amended complaint. This is particularly

11

so given that he has not previously amended his complaint as his improper attempt to amend his complaint without leave has been stricken from the record; his response brief primarily cites to facts as recited in the stricken amended complaint essentially foreclosing his opportunity to provide a full response on the issue to Defendant's motion to dismiss; and he is not attempting to plead a new cause of action against Defendant but rather attempting to provide support for his initial pleading.

Therefore, the undersigned recommends that Plaintiff be provided an opportunity to amend his complaint in compliance with the Federal Rules of Civil Procedure, as well as address any deficiencies presented in Defendant's motion and reply brief.

Plaintiff is cautioned that an amended complaint is required to comply with Federal Rules of Civil Procedure.  In accordance with Rule 8(a), Plaintiff's first amended complaint must clearly set forth, among other things, (1) the identification of each defendant; (2) a statement of jurisdiction, such as 28 U.S.C. §§ 1331 ("Federal question") or 28 U.S.C. § 1332 ("Diversity of citizenship; amount in controversy; costs"); (3) a statement of facts applicable to each claim and defendant; (4) delineated causes of action, including names of the defendant(s) against whom the counts are brought and the legal bases (statutory or otherwise) for the causes of action; (5) and a claim for relief.

The Plaintiff is *cautioned* that this is his chance to properly articulate his claims, and his failure to remedy the defects may result in dismissal of the case with prejudice against Defendant.

## IV.   RECOMMENDATION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiff's request for leave to amend in his complaint made in his response brief (ECF No. 8) be **GRANTED**.  Plaintiff should receive enough time as the District Judge deems necessary to submit an amended pleading.  It is further **RECOMMENDED** that Defendant's *Renewed Motion to Dismiss Plaintiff's Complaint in Lieu of Answer* (ECF No. 7) be **DENIED, without prejudice, as moot**.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs.*

*Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date:  February 23, 2026.                         s/Curtis Ivy, Jr.
                                                  Curtis Ivy, Jr.
                                                  United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on the February 23, 2026, by electronic means and/or ordinary mail.

<u>s/Sara Krause</u>
Case Manager
(810) 341-7850